# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**PAMELA MULKEY**                                             **CIVIL ACTION NO.**

**VERSUS**                                                    **20-796-JWD-EWD**

**CRACKER BARREL**
**OLD COUNTRY STORE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2022.

                                             **ERIN WILDER-DOOMES**
                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PAMELA MULKEY                                                CIVIL ACTION NO.

VERSUS                                                       20-796-JWD-EWD

CRACKER BARREL
OLD COUNTRY STORE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the unopposed Motion to Dismiss ("Motion"),[1] filed by Defendant Cracker Barrel Old Country Store ("Cracker Barrel"), which seeks dismissal of this proceeding pursuant to Fed. R. Civ. P. 25 because no motion to substitute the proper party in the place of the deceased Plaintiff Pamela Mulkey ("Mulkey") has been filed.[2] The issues are adequately briefed, and oral argument is not necessary.

Because no motion to substitute the proper party for Mulkey has been filed as required by Fed. R. Civ. P. 25, it is recommended that the instant Motion, which is unopposed, be granted, dismissing this action with prejudice.

### I. BACKGROUND

On May 3, 2021, a Notice of Suggestion of Death ("Statement") was filed in this case, advising the Court that Mulkey died during the pendency of this suit.[3] At the same time, counsel for Mulkey, Scott Dupaquier ("Dupaquier"), sought to withdraw as counsel of record.[4] The Motion to Withdraw was initially denied, and Dupaquier was ordered to provide the contact information for Mulkey's sister, Shirley Judge ("Ms. Judge"),[5] and to certify that he had notified Ms. Judge of the pending deadlines in this case, including the deadlines for substitution under Fed.

---

[1] R. Docs. 23, 30 and *see* R. Doc. 24, order of the district judge referring the Motion to the undesigned.
[2] R. Doc. 19.
[3] R. Doc. 10.
[4] R. Doc. 11.
[5] The Motion to Withdraw referenced that Dupaquier had been in contact with Ms. Judge.

R. Civ. P. 25.[6] Dupaquier then filed another Motion to Withdraw, certifying that he sent the Scheduling Order in this case,[7] and an explanation of the consequences of a failure to comply with Fed. R. Civ. P. 25 to Ms. Judge via certified mail with a return receipt requested.[8] Dupaquier was permitted to withdraw as counsel for Mulkey on March 12, 2021.[9] However, after Dupaquier withdrew, no motion to substitute the proper party for Mulkey was filed. A hearing was set for March 17, 2022 via Zoom video conferencing, at which Ms. Judge was ordered to appear and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 25.[10]

Ms. Judge appeared for the March 17, 2022 hearing. The purpose of the hearing was explained, including all the foregoing background; that the deadline to file a motion to substitute the proper party as plaintiff had expired; and that Ms. Judge was required to show cause why the case should not be dismissed. Ms. Judge stated that the case should not be dismissed because of the damage suffered by Mulkey caused by Cracker Barrel. Ms. Judge stated that Cracker Barrel repaired the handicap ramp after the accident on which Mulkey's claims in this case are based, and that prior counsel advised Ms. Judge that Cracker Barrel stated that it does not have video footage of the accident; however, Ms. Judge had visited the location and saw a video camera there.[11]

---

[6] R. Doc. 13.
[7] R. Doc. 5.
[8] R. Doc. 14 ("Counsel does hereby certify that he has notified Ms. Shirley Judge, residing at 35118 Timber Lane, Denham Springs, LA 70706 (Ph: 225-365-5608) of the pending deadlines in the case of 3:20-cv-00796 *Mulkey v. Cracker Barrel et al.*; specifically notified Ms. Judge of her need to obtain new counsel, and file a motion to substitute within 90 days of the filed suggestion of death of her sister Pamela Mulkey, filed 5/3/21, if she desires to maintain this tort action, and prevent it from being permanently extinguished in accordance with Federal Rule of Procedure 25. Counsel has also provided Mr. [sic] Shirley Judge with a copy of the filed Suggestion of Death, and a copy of the court scheduling order, and apprised her of all pending deadlines. All items were sent via certified mail with a return receipt requested.").
[9] R. Doc. 15.
[10] R. Doc. 16.
[11] R. Doc. 19.

The Court inquired as to whether Ms. Judge received the Statement and the applicable deadline to file a motion to substitute, which prior counsel certified that he sent to her and explained to her. Ms. Judge confirmed that she spoke to Dupaquier, that he sent her a letter, and that he verbally explained that he could no longer represent Mulkey, but she did not fully understand everything he explained to her. Ms. Judge stated that she tried to retain an attorney but had not been able to retain one to handle the case.[12]

Because it was not clear from the record or Ms. Judge's testimony whether she received notice of the deadline by which a motion to substitute had to be filed,[13] an additional forty-five (45) days, until May 2, 2022, was given for the proper person to file a motion to substitute.[14] It was explained to Ms. Judge that the motion to substitute could be filed through an attorney or by the person who is the proper representative or successor for Mulkey. It was also explained to Ms. Judge that whoever sought leave to substitute would have to explain in the motion to substitute why it was not filed within the time period provided under Fed. R. Civ. Proc. 25, and that the motion to substitute may not be granted if it was found untimely, without good cause provided for the untimeliness.[15] At the conclusion of the hearing, Ms. Judge confirmed that she understood what was discussed and ordered during the hearing and confirmed her address of record.[16] The minutes of the hearing were mailed to Ms. Judge at the address she confirmed via regular mail and

---

[12] R. Doc. 19.
[13] Ms. Judge asked who the proper person was to substitute in as plaintiff. Ms. Judge was advised that the Court cannot provide legal advice and that determination would have to be made by Ms. Judge or her counsel; however, examples of the types of proper persons were given, *i.e.*, Ms. Mulkey's legal representative or a designated successor.
[14] Cracker Barrel objected to the extension of time to file the motion to substitute; however, the extension was granted because it was not clear if Ms. Judge received proper notice of the applicable deadline to file the motion from prior counsel, and Cracker Barrel was not prejudiced by the extension because it could oppose any motion to substitute.
[15] As mentioned, prior counsel certified that the Statement was given. R. Doc. 14.
[16] R. Doc. 14.

3

certified mail, return receipt requested.[17] The minutes specifically noted that failure to comply with the requirements of the Order could result in dismissal of Mulkey's claims without further notice.[18] No motion to substitute has been filed.

On May 5, 2022, Cracker Barrel filed the instant Motion, seeking dismissal of this action pursuant to Fed. R. Civ. P. 25 because no motion to substitute was filed by the deadline. No opposition to the instant Motion has been filed.

**II.     LAW AND ANALYSIS**

Federal Rule of Civil Procedure 25(a)(1) provides:

> *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.[19]

In this case, the Fed. R. Civ. P. 25 Statement was filed on May 3, 2021.[20] Prior counsel for Mulkey, Dupaquier, certified that Ms. Judge is the sister of Mulkey, that he provided the Statement noting death to Ms. Judge via certified mail, and that he explained the requirements of Fed. R. Civ. P. 25 to her.[21] During the video hearing with the Court, Ms. Judge acknowledged

---

[17] R. Doc. 19. It appears that, at least, the certified mailing was returned as undeliverable; however, Ms. Judge did not inform the Court of any changes to her address of record. R. Doc. 22.
[18] R. Doc. 19, p. 4.
[19] Fed. R. Civ. P. 25(a)(3) provides, "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." With respect to service of the Statement, Fed. R. Civ. P. 4(e)(2) requires that service on an individual within a judicial district of the United States be effected by personal or domiciliary service on the individual, or by delivery of process to an appointed or legal agent of the individual. In this case, Mulkey's prior counsel certified that he mailed the Statement to Ms. Judge, and Ms. Judge confirmed that she received correspondence from counsel. However, even if counsel's mailing were somehow insufficient, during the hearing, the Court gave Ms. Judge adequate notice of the proceedings and an explanation of the requirements of Fed. R. Civ. P. 25 and the associated deadlines. Since that time, well more than 90 days have expired.
[20] R. Doc. 10.
[21] R. Docs. 11, 14.

4

speaking to Dupaquier but it was unclear if she received notice of the deadline by which a motion to substitute had to be filed. Ms. Judge was then personally notified of the requirements of Fed. R. Civ. P. 25, was given an additional 45-day extension to file a motion to substitute, and was mailed a copy of the minutes from the hearing at the address she confirmed during the hearing. Therefore, adequate notice of Fed. R. Civ. P. 25's requirement of a motion for substitution was given to Ms. Judge, Mulkey's relative. The ninety (90) day period set forth in Fed. R. Civ. P. 25(a)(1) in which Ms. Judge (or the otherwise proper person) had to file a motion to substitute as plaintiff was extended by the Court to May 2, 2022.[22] As of the date of this Report and Recommendation, over three months later, no motion to substitute has been filed.[23] Therefore, pursuant to the express provisions of Fed. R. Civ. P. 25(a)(1), this action "must be dismissed."[24] Finally, because Ms. Judge personally attended a video hearing at which Fed. R. Civ. P. 25 was explained in detail, including the associated deadlines, it is recommended that the dismissal be with prejudice, as no motion to substitute has been filed to pursue Mulkey's claims despite warnings that this action could be dismissed.[25]

---

[22] R. Doc. 19.
[23] No other heirs or legal representatives have appeared, and no motions for extensions have been filed.
[24] *See, e.g., Rhodes v. Collier*, No. 3599, 18 F.R.D. 50, 51 (W.D. La. July 27, 1955) ("This rule [Fed. R. Civ. P. 25(a)(1)] is mandatory and if the proper representative or representatives of the deceased are not made parties within the delay provided, the court has no choice but to dismiss the demand, in this instance the cross-claim."); *Ray v. Koester,* 85 Fed.Appx. 983, 984 (5th Cir. 2004) (affirming dismissal of action when plaintiff failed to file a motion to substitute a successor to the deceased defendant within 90 days of service of defense counsel's suggestion of defendant's death).
[25] *See Rowland v. GGNSC Ripley, LLC,* No. 313CV00011DMBSAA, 2016 WL 4136486, at *6 (N.D. Miss. Aug. 3, 2016) (noting that the Fifth Circuit has not decided whether a Fed. R. Civ. P. 25 dismissal must be with prejudice or not, and district courts have discretion on this issue). *See also* Fed. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. *Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) *and any dismissal not under this rule*--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--*operates as an adjudication on the merits.*" (emphasis added). Because Ms. Judge has not timely sought substitution of the proper party to proceed with her sister's claims, or additional time in which to seek substitution, dismissal with prejudice is warranted. *See, e.g., Yazdchi v. Am. Honda Fin. Corp.*, No. 3:05-CV-07374L, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006) (dismissal with prejudice of claims of deceased plaintiff for lack of compliance with Fed. R. Civ. P. 25).

### III.   RECOMMENDATION

After the filing of the Notice of Suggestion of Death regarding Plaintiff Pamela Mulkey in this case, no motion to substitute the proper party for Mulkey has been filed by the extended deadline of May 2, 2022. Mulkey's only known relative was given guidance by the Court regarding Fed. R. Civ. P. 25, was provided a substantial period of time to seek substitution, and was notified that her failure to seek substitution could result in dismissal of Mulkey's claims. Therefore, pursuant to Fed. R. Civ. P. 25(a)(1), this action "must be dismissed," and the instant Motion, which is unopposed, should be granted.  Given the background of this case, including the Court's efforts to ensure that a relative of Mulkey's was advised of the consequences of a failure to timely substitute, it is recommended that the claims be dismissed with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss,[26] filed by Defendant Cracker Barrel Old Country Store, be **GRANTED,** and that this action be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Shirley Judge, at 35118 Timber Lane, Denham Springs, LA 70706 via regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on August 26, 2022

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 23.